IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| REGINALD TROY BATISTE | § |
| VS. | §   CIVIL ACTION NO. 1:07cv463 |
| UNITED STATES OF AMERICA | § |

MEMORANDUM OPINION

Movant Reginald Troy Batiste, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background

In 2006, pursuant to a plea of guilty entered in accordance with a written plea agreement, movant was convicted of possession of more than 50 grams of crack cocaine within 1000 feet of a public school with the intent to distribute, in violation of 21 U.S.C. § 860, and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 168 months confinement.  Movant did not appeal his conviction or sentence.

Grounds for Review

Movant asserts he received ineffective assistance of counsel because counsel:  (a)  failed to argue the government committed misconduct by using sentencing entrapment to establish a higher maximum sentence; (b) failed to argue for a downward departure at sentencing; (c) failed to file a motion to suppress or attempt to obtain a conditional plea agreement permitting him to appeal the denial of a motion to suppress and (d) failed to investigate and

argue that the government "manufactured" the 1000 feet jurisdictional element to increase his sentence.

## Analysis

The tenth paragraph of movant's written plea agreement provides as follows:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal his/her conviction and sentence on all grounds.  Defendant further agrees not to contest his/her sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.  Defendant, however, reserves the right to appeal the following:  (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement; and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992).  The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue.  *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994).

In this case, movant does not contend that he did not read or understand the portion of his plea agreement relating to the waiver of his right to appeal.  Nor does he contend he raised any questions regarding the waiver-of-appeal provision of the plea agreement.  Accordingly, the waiver-of-appeal provision should be upheld.

In *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), the United States Court of Appeals for the Fifth Circuit stated that while a knowing and voluntary waiver normally applies to a ground for review based upon ineffective assistance of counsel, such a waiver does not apply to an ineffective assistance of counsel claim "when the claimed assistance directly affected the validity of that waiver or the plea itself."  As set forth above, movant raises certain claims of ineffective assistance of counsel.  However, movant's claims of ineffective assistance of counsel do not call into question the validity of movant's waiver or his plea itself.  Accordingly, movant may not assert his claims in this proceeding.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit.  A final judgment shall be entered denying the motion to vacate.

**SIGNED** this the **10** day of **July, 2007.**

_____
Thad Heartfield
United States District Judge